UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

                                          :
ANTOANETA IOTOVA, and                     :          CASE NO. 1:17-CV-01570
ISSAK ALMALEH                             :
                                          :
            Plaintiffs,                   :
                                          :
vs.                                       :          OPINION & ORDER
                                          :          [Resolving Doc. No. 1]
PREET BHARARA, *et al*.,                  :
                                          :
            Defendants.                   :
                                          :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Antoaneta Iotova and Issak Almaleh, both Florida residents, filed this

action against United States Attorney for the Southern District of New York Breet Bharara,

New York Federal Agent Jamie Brooks, and the Blanch Law Firm in New York.  In the

Complaint, Plaintiffs allege the Defendants brought a criminal action against them in the United

States District Court for the Southern District of New York.  They dispute the charges and

contend their prosecution is politically motivated.  They ask this Court to rescind the Southern

District of New York's order for restricted movement and pretrial electronic monitoring, to

declare their ongoing prosecution to be malicious and to order dismissal of the criminal charges

against them.  They also seek an award of monetary damages.

## I.  Background

    Plaintiffs are charged  in the United States District Court for the Southern District of

New York with conspiracy to commit bank fraud, bank fraud, wire fraud and making false

statements to the FDIC.[1] The indictment contends Plaintiffs incorporated for-profit and not-for-profit corporations in Wyoming and New York, and then fraudulently transferred foreclosed properties owned by FDIC insured banks to those corporations. They then allegedly leased one of the properties to unsuspecting tenants. That criminal proceeding is still pending. Plaintiffs are currently released to their Florida home with electronic monitoring. Plaintiffs filed this action in the United States District Court for the Northern District of Ohio asserting claims of malicious prosecution against New York Defendants and asking this Court to intervene and stop their prosecution in a New York federal court.

## II. Venue

As an initial matter, this Court is not the proper venue for this action. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought.[2] Here, the Defendants all appear to reside in New York. The events giving rise to this Complaint occurred in New York. Plaintiffs seek to add the Florida law firm of Blanc Rome, LLP as a Defendant. The addition of this party would not make the Northern District of Ohio the proper venue for this action. This case has no apparent connection to the state of Ohio. The Southern

---

[1] *United States v. Almaleh*, No. 1:17-cr-0025 (SDNY indict filed Jan. 11, 2017)(McMahon, J.).

[2] 28 U.S.C. § 1391(b).

District of New York, not the Northern District of Ohio, is the proper venue for this case.

An improperly venued action must be dismissed unless it is in the interest of justice that it be transferred to a district or division in which it could have been brought.[3] Plaintiffs are challenging an on-going criminal prosecution. They can assert any challenges to those charges, in the course of that criminal action. The Court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

## IV. Conclusion

Accordingly, Plaintiffs' Motion to Proceed *In Forma Pauperis* is granted (Doc. No. 2), their Motion to Add Party Defendant Blanc Rome LLP (Doc. No. 3) is denied and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Dated: September 7, 2017         s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[3]    Title 28 U.S.C. § 1406(a)

[4]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.